UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7207 DDP (JCG) | Date | February 19, 2013 |
|---|---|---|---|
| Title | *Robert G. Smith v. Gant, et al.* | | |

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | | |
|---|---|---|---|
| Beatriz Martinez | | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None Present | | None Present | |

**Proceedings:** (IN CHAMBERS) ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO FILE SECOND AMENDED COMPLAINT

## I. Introduction and Summary

After the Court dismissed his initial Complaint, Plaintiff Robert G. Smith ("Plaintiff") filed a First Amended Complaint ("FAC"), which the Court has now screened pursuant to 28 U.S.C. §§ 1915(a) and 1915A.

The FAC names as defendants the following ten parties: (1-3) Officers Gant, Ellwart, and Pixley, (4) Doctor Brady, (5-6) Doe Supervising Sergeants and Lieutenants, (7) Captain Henderson, (8) the CDCR Hiring Authority at California State Prison, Los Angeles County ("CSP-LAC"), (9) the CDCR Warden at CSP-LAC, and (10) the CDCR Secretary-Director (collectively, "Defendants"). (FAC at 3-6.)[1] Defendants one through nine are sued in their individual capacities only, while Defendant ten is sued in both his or her individual and official capacities. (*Id.*)

Plaintiff's FAC alleges essentially the same claims and factual allegations as the Complaint, namely violations of the Eighth and Fourteenth Amendments. (*Id.* at 7.) Specifically, Plaintiff alleges that Defendants failed to protect him from imminent danger at the hands of fellow inmates and, moreover, promoted "racial inequalit[y]." (*Id.*)

---

[1] For ease of reference, the Court sequentially numbers the pages of the FAC, *i.e.*, pages 1-17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7207 DDP (JCG) | Date | February 19, 2013 |
|---|---|---|---|
| Title | *Robert G. Smith v. Gant, et al.* | | |

Like the Complaint, the FAC also warrants dismissal, but Plaintiff is afforded one last opportunity to amend.

## II. <u>Legal Standards</u>

The Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding *in forma pauperis*, and by prisoners seeking redress from governmental entities. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions, the Court may *sua sponte* dismiss, "at any time," any prisoner civil rights action and all other *in forma pauperis* complaints which are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads enough factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. <u>Plaintiff Fails to State a Section 1983 Claim Against Many of the Defendants in their Individual Capacities</u>

Plaintiff has sued all of the Defendants in their individual capacities, but fails to allege specific facts connecting many of them to a deprivation of Plaintiff's constitutional rights. (FAC at 3-6.)

"In order for a person acting under color of state law to be liable under section 1983[,] there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Vague and conclusory allegations of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7207 DDP (JCG) | Date | February 19, 2013 |
|---|---|---|---|
| Title | *Robert G. Smith v. Gant, et al.* | | |

official participation in civil rights violations are insufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the connection between many of the Defendants, on the one hand, and Plaintiff's injuries, on the other, is far too attenuated to state any claim for individual liability. *See Ivey*, 673 F.2d at 268. Specifically, Plaintiff still has not alleged any facts indicating that Defendants Pixley, Doe Supervising Sergeants and Lieutenants, Captain Henderson, the CDCR Hiring Authority, the CSP-LAC Warden, and the CDCR Secretary-Director should have known that Plaintiff was legitimately susceptible to an attack at CSP-LAC. (*See* FAC at 11-15.) Further, Plaintiff fails to provide any evidence demonstrating *how* said Defendants could have known that the attacks would occur, other than his own self-serving and largely conclusory allegations.

Accordingly, Plaintiff has failed to state a claim against the above named Defendants in their individual capacities.

## IV. Plaintiff Fails to State an Eighth Amendment Claim Against the Defendants

Plaintiff's deliberate indifference argument appears to be twofold. First, Plaintiff alleges that Defendants did not protect Plaintiff from the verbal harassment of other inmates. (*See generally* FAC at 7-15.) Plaintiff also contends that Defendants did not protect Plaintiff from the threat of violence from other inmates. (*Id*.) The Court addresses each allegation in turn.

### A. Plaintiff Fails to State a Deliberate Indifference Claim Based on Verbal Harassment from Inmates

With respect to Plaintiff's claim that fellow inmates are harassing him, "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *abrogated in part on other grounds as stated in Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). "[T]he exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons of which we do not approve, but which do not violate the Eighth Amendment." *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (internal citations omitted); *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), *as amended*, 135 F.3d 1318 (9th Cir. 1998). Thus, Plaintiff's allegation that fellow inmates verbally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7207 DDP (JCG) | Date | February 19, 2013 |
|---|---|---|---|
| Title | *Robert G. Smith v. Gant, et al.* | | |

harassed him is insufficient to state an Eighth Amendment violation under these circumstances.  *See, e.g.*, *Freeman*, 125 F.3d at 738.

### B. Plaintiff Fails to State a Claim that Defendants Acted with Deliberate Indifference to his Physical Safety

Under the Eighth Amendment, prison officials have a duty to protect inmates from the threat of violence at the hands of other prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).

An inmate may establish an Eighth Amendment claim against a prison official when the official acts with deliberate indifference to the threat of serious harm or injury to the inmate from another inmate.  *Id*. at 834.  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id*. at 837.

Moreover, when "a prisoner seeks to hold a prison employee individually liable because another prisoner attacked him, the prisoner must establish individual fault." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  That is, the prisoner must demonstrate that the prison official's deliberate indifference was the *actual and proximate cause* of the deprivation of the prisoner's constitutional rights.  *Id.*; *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Here, Plaintiff has still not demonstrated that Defendants' failure to protect was the actual and proximate cause of any constitutional violation allegedly suffered.  *Leer*, 844 F.2d at 634.  As explained above, Plaintiff claims that Defendants "knew or should have known" that fellow inmates would attack him, yet does not adequately explain how Defendants could or should have known that he was prone to an attack.  (*See generally* FAC at 7-15.)  And, Plaintiff's allegations still do not demonstrate that Defendants had "more than a mere suspicion that an attack will occur." *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, it remains unclear what reasonable measures, if any, were available to Defendants to ensure Plaintiff's safety.

Accordingly, Plaintiff has failed to adequately allege a claim for deliberate indifference to his physical safety against any of the Defendants.  Should Plaintiff choose

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7207 DDP (JCG) | Date | February 19, 2013 |
|---|---|---|---|
| Title | *Robert G. Smith v. Gant, et al.* | | |

to amend, he must allege in detail how each Defendant was intentionally indifferent to Plaintiff's safety, and how such indifference was the proximate cause of his injuries.

## V. Plaintiff Fails to State a Fourteenth Amendment Claim Against the Defendants

Plaintiff claims that Defendants deprived him of his constitutional rights under the Fourteenth Amendment by failing to protect Plaintiff from attack by other inmates, and by "promot[ing] . . . racial inequalities." (FAC at 7.)

First, Plaintiff's failure to protect claim is governed by the Eighth Amendment, discussed above, and not the Fourteenth Amendment. *See, e.g.*, *Freeland v. Sacramento City Police Dept.*, 2010 WL 409737, at *8 (E.D. Cal. Jan. 29, 2010) (noting that the Eighth Amendment protects prison inmates from the denial of medical care, while the Fourteenth Amendment protects pretrial detainees); *see also Lolli v. Cnty. of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) ("Claims of failure to provide care for serious medical needs, when brought by a detainee such as [plaintiff] who has neither been charged nor convicted of a crime, are analyzed under . . . the Fourteenth Amendment.").

Second, to the extent Plaintiff is bringing an Equal Protection action against Defendants, he must demonstrate that Defendants *intentionally* discriminated against him based on his race, or that similarly situated individuals were intentionally treated differently by Defendants without a rational basis for the difference in treatment. *See Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (*per curiam*).

Plaintiff, however, has failed to identify any concrete discriminatory conduct by Defendants. Conclusory allegations that Defendants violated Plaintiff's rights are not enough. Plaintiff must specifically allege what each Defendant did to deprive him of his constitutional rights based on his race, *and* he must demonstrate that Defendants did so intentionally and without any rational basis. He has not done so here.

Accordingly, Plaintiff has not adequately stated a claim for violations of the Fourteenth Amendment against any of the Defendants. Should Plaintiff choose to reallege an Equal Protection claim, he *must* allege additional facts regarding how Defendants intentionally discriminated against him based on his race, and whether any rational basis existed for doing so.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7207 DDP (JCG) | Date | February 19, 2013 |
|---|---|---|---|
| Title | *Robert G. Smith v. Gant, et al.* | | |

## VI.   Leave to File a Second Amended Complaint

   Plaintiff's First Amended Complaint fails to state a claim under section 1983 against any of the Defendants.  In an abundance of caution, Plaintiff shall be granted one final opportunity to amend.  *Lopez*, 203 F.3d at 1130.

   Accordingly, **IT IS ORDERED THAT**:

1)   Within **30 days of the date of this Order**, Plaintiff may submit a Second Amended Complaint to cure the deficiencies discussed above.  The Clerk of Court is **DIRECTED TO** mail Plaintiff a court-approved form to use for filing the Second Amended Complaint.  **If Plaintiff fails to use the court-approved form, the Court may strike the Second Amended Complaint and dismiss this action**.

2)   If Plaintiff chooses to file a Second Amended Complaint, he **must** comply with Federal Rule of Civil Procedure 8, and contain short, plain statements explaining:  (a) the constitutional right Plaintiff believes was violated; (b) the name of the defendant who violated that right; (c) exactly what that defendant did or failed to do; (d) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (e) what specific injury Plaintiff suffered because of that defendant's conduct.  *See* Fed. R. Civ. P. 8.  If Plaintiff fails to affirmatively link the conduct of the defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant has violated a constitutional right are not acceptable and will be dismissed.

3)   Plaintiff may not change the nature of this suit by adding new, unrelated claims in his Second Amended Complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

4)   Plaintiff should attach any exhibits at the end, and each exhibit should be clearly numbered.  Plaintiff should not intersperse exhibits within the allegations of his pleading.

5)   Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," and it must be retyped or rewritten in its entirety on the court-approved form.  **The Second Amended Complaint**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-7207 DDP (JCG) | Date | February 19, 2013 |
|---|---|---|---|
| Title | *Robert G. Smith v. Gant, et al.* | | |

**may not incorporate *any* part of the Complaint or First Amended Complaint by reference**.

6) As a rule, any amended complaint supersedes previously filed complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, after amendment, the Court will treat the First Amended Complaint as nonexistent. *Id.*

Plaintiff is cautioned that failure to timely file a Second Amended Complaint that complies with this Order may result in a recommendation that the action be dismissed for failure to comply with Court orders. *See* Fed. R. Civ. P. 41; C.D. Cal. L.R. 41-1.

**IT IS SO ORDERED**.


cc: Parties of Record

|   | 0 | : | 0 |
|---|---|---|---|
| Initials of Preparer | | | bm |